UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHARLES BERNARD STARKE JUNIOR,

                            Plaintiff,

-against-

ROCKLAND COUNTY; LOUIS FALCO; THOMAS WALSH; KEVIN RUSSO; OFFICER ALLISONDRINNI; LT. FALCO; PSYCH EVAL JANE DOE AND JOHN DOE; WILLIAM ALLEN; ROCKLAND COUNTY SHERIFF SGT. LEECH; DECLAN FINN; WORDEN; RICHARD SLOVEN; OFFICER O'DELL; OFFICER ANDREW CULLEN,

                            Defendants.

**ORDER OF SERVICE**

25-CV-07884 (PMH)

---

PHILIP M. HALPERN, United States District Judge:

      Plaintiff, who currently is held at the Central New York Psychiatric Center, brings this action, *pro se*, under 42 U.S.C. § 1983, alleging that Defendants violated his federal constitutional rights with respect to his arrest, detention, and prosecution in Rockland County. By order dated November 26, 2025, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the reasons set forth below, the Court: (1) dismisses all of Plaintiff's claims against Rockland County Sheriff Louis Falco III ("Sheriff Falco"), Judge Kevin Russo ("Judge Russo"), District Attorney Thomas Walsh ("District Attorney Walsh"), Declan Finn ("Finn"), Richard Sloven ("Sloven"), Worden, and Officer O'Dell ("O'Dell"); (2) dismisses Plaintiff's claims arising under federal criminal law; and (3) directs service on Rockland County,

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

Officer Allisondrinni ("Allisondrinni"), William Allen ("Allen"), Sgt. Leech ("Leech"), Officer Andrew Cullen ("Cullen"), and Lt. Falco.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action,"

which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## DISCUSSION

**A.     Claims against Sheriff Falco**

Plaintiff asserts claims under 42 U.S.C. § 1983 against Sheriff Falco.[2] To state a claim under Section 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." (internal quotation marks omitted)). A defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official[.]" *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Here, Plaintiff's sole allegation against Sheriff Falco is that he is a "final decision maker and policy maker" and that, in that capacity, he "approves unconstitutional practices such as due process deprivations." (Doc. 1 at 5.) Plaintiff does not allege any facts showing how Sheriff Falco was personally involved in the events underlying his claims. He does not, for example, allege any

---

[2] Plaintiff also names Lieutenant Louis Falco. The Court assumes, for the purposes of this order, that Lieutenant Falco and Sheriff Falco are two different people.

facts describing a specific policy that Sheriff Falco adopted or approved that violated Plaintiff's rights. Plaintiff's claims against Sheriff Falco are therefore dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court grants Plaintiff 30 days' leave to replead his claims against Sheriff Falco in an amended complaint alleging facts showing how this defendant was personally and directly involved in violating Plaintiff's rights. To the extent Plaintiff is seeking to challenge a policy, practice, or custom of the Rockland County Sheriff's Department, the Court will construe those allegations as being asserted against Rockland County, which is also named defendant in this action. Plaintiff is reminded that if he does choose to file an amended complaint, the amended complaint will completely replace, not supplement, all prior complaints, and any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint. The amended complaint shall be filed no later than thirty days from the date of this Order of Service.

**B.     Claims against Judge Russo**

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). In addition, Section 1983, as amended in 1996, provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Judicial immunity does not apply when the judge takes action "outside" his judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles,* 502 U.S. at 9-10; *see also Bliven,* 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).

Plaintiff fails to allege any facts showing that Judge Russo acted beyond the scope of his judicial responsibilities or outside his jurisdiction. *See Mireles*, 502 U.S. at 11-12. Because Plaintiff sues Judge Russo for "acts arising out of, or related to, individual cases before him," he is immune from suit for such claims. *Bliven*, 579 F.3d at 210. The Court therefore dismisses Plaintiff's claims against Judge Russo because they seek monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B)(iii), and, consequently, as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the in forma pauperis statute].").

C. **Claims against District Attorney Walsh**

Prosecutors are immune from civil suits for damages for acts committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are "'intimately associated with the judicial phase of the criminal process.'" *Giraldo v. Kessler*, 694 F.3d 161, 165 (2d Cir. 2012) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (absolute immunity is analyzed under a "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it" (internal quotation marks and citations omitted)). In addition, prosecutors are absolutely immune from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009); *see*

*also Ogunkoya v. Monaghan*, 913 F.3d 64, 70-72 (2d Cir. 2019) (holding that ADAs' direction as to where criminal defendant would be arraigned was in preparation for a court proceeding in which the prosecutors were acting as advocates, and ADAs were therefore shielded by absolute immunity (citing, *inter alia*, *Van de Kamp*)).

Here, Plaintiff's claims against District Attorney Walsh are based on actions within the scope of District Attorney Walsh's official duties and associated with the conduct of a trial. Therefore, these claims are dismissed because they seek monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(b)(iii), and, consequently, as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Collazo v. Pagano*, 656 F. 3d 131, 134 (2d Cir. 2011) (holding that claim against prosecutor is frivolous if it arises from conduct that is "intimately associated with the judicial phase of the criminal process").

D.     **Witness Immunity**

Plaintiff brings claims against Finn, Worden, Sloven, O'Dell, and Allen, alleging that they lied to the grand jury when they testified that Plaintiff threatened a public servant. (*See, e.g.*, Doc. 1 at 8.) Witnesses are absolutely immune from liability under Section 1983 for damages for their testimony at trial and before the grand jury, even if their testimony was false. *See Rehberg v. Paulk*, 566 U.S. 356, 366-69 (2012); *Briscoe v. LaHue*, 460 U.S. 325 (1983); *see also Jovanovic v. City of New York*, 486 F. App'x 149, 152 (2d Cir. 2012) (summary order) (when the "only avenue by which the [fabricated evidence can] reach the jury [is] through [a witness's] testimony," claims of fabricated evidence are precluded by witness immunity). The doctrine of witness immunity applies to police officers who testify before a grand jury. *Rehberg*, 566 U.S. at 368-70. The Court therefore dismisses Plaintiff's claims against Finn, Worden, Sloven, O'Dell, and Allen, arising from their testimony before the grand jury, under the doctrine of witness immunity. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

6

E.     **<u>Malicious Prosecution and Fabrication of Evidence</u>**

Plaintiff alleges that Worden, Sloven, O'Dell, and Cullen lied on their police reports when they stated that Plaintiff threatened a public servant. The Court understands these allegations as an attempt to assert claims for malicious prosecution and fabrication of evidence. To state a claim for malicious prosecution, a plaintiff must allege facts showing: (1) that the defendant initiated or continued a prosecution against the plaintiff; (2) that the defendant lacked probable cause to commence the proceeding or believe the proceeding could succeed; (3) that the defendant acted with malice; and (4) that the prosecution was terminated in the plaintiff's favor. *See Fulton v. Robinson*, 289 F.3d 188, 195 (2d Cir. 2002). Such a claim does not accrue until there is a favorable termination of the plaintiff's criminal proceedings.³ *See Heck v. Humphrey*, 512 U.S. 477, 489-90 (1994).

"To state a fair trial claim based on fabricated evidence, a plaintiff must allege that 'an (1) investigating official (2) fabricat[ed] information (3) that is likely to influence a jury's verdict, (4) forwards that information to prosecutors, and (5) the plaintiff suffers a deprivation of life, liberty, or property as a result.'" *Hincapie v. City of New York*, 434 F. Supp. 3d 61, 75 (S.D.N.Y. Jan. 22, 2020) (quoting *Garnett v. Undercover Officer C0039*, 838 F.3d 265, 280 (2d Cir. 2016)). However, "[t]here is not a complete and present cause of action to bring a fabricated-evidence challenge to

---

³ "To demonstrate a favorable termination of a criminal prosecution for purposes of the Fourth Amendment claim under § 1983 for malicious prosecution, a plaintiff need only show that his prosecution ended without a conviction." *Thompson v. Clark*, 596 U.S. 36, 39 (2022); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.") (italics in original); *Heck*, 512 U.S. at 486-87 ("[I]n order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . ." (footnote omitted)).

criminal proceedings while those criminal proceedings are ongoing." *McDonough v. Smith*, 588 U.S. 109, 119 (2019) (internal quotation marks and citation omitted).

According to public records maintained by the New York State Unified Court System, Plaintiff was arrested on March 19, 2025, and charged with eleven counts relating to obstructing governmental administration, assault, resisting arrest, and engaging in violent behavior. *See People v. Starke*, Index No. 70418-25/001. Those proceedings are ongoing, and Plaintiff's next appearance before Judge Russo is scheduled for January 14, 2026. Because the criminal proceedings giving rise to Plaintiff's claims are ongoing, he has not stated a viable claim for malicious prosecution or fabrication of evidence. The Court therefore dismisses these claims without prejudice to Plaintiff's assertion of them, in a separate civil action, after his ongoing proceedings have terminated. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**F.    Claims under Criminal Law**

Plaintiff attempts to bring claims under 18 U.S.C. §§ 241, 242, 245, 514, 1503, and 2340, all of which are provisions of the United States Criminal Code. Plaintiff, however, cannot initiate the arrest and prosecution of an individual in this court because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981). Nor can Plaintiff or the Court direct prosecuting attorneys to initiate a criminal proceeding against Defendants, because prosecutors possess discretionary authority to bring criminal actions, and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Accordingly, the Court dismisses these claims for failure to state a claim. *See* 28 U.S.C § 1915(e)(2)(B)(ii).

## G.  Order of Service

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[4] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendants Rockland County, Allisondrinni, Allen, Leech, Cullen, and Lt. Falco through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendants.[5] The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the complaint is not served within 90 days after the date summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

---

[4] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

[5] As discussed above, the Court has dismissed Plaintiff's claims against Allen arising from his testimony before the grand jury, and those against Cullen for malicious prosecution and fabrication. The Court directs service as to Allen and Cullen only with respect to Plaintiff's remaining claims against them.

## CONCLUSION

The Court dismisses Plaintiff's claims against Sheriff Falco for failure to state a claim on which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead.

The Court dismisses Plaintiff's claims against Judge Russo, under the doctrine of judicial immunity, because they seek monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B)(iii), and, consequently, as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i).

The Court dismisses Plaintiff's claims against District Attorney Walsh, under the doctrine of prosecutorial immunity, because they seek monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(b)(iii), and, consequently, as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i).

The Court dismisses Plaintiff's claims against Finn, Worden, Sloven, O'Dell, and Allen, arising from their testimony before the grand jury, under the doctrine of witness immunity, because they seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(iii). The remaining claims against Allen will remain before the Court.

The Court dismisses Plaintiff's claims for malicious prosecution and fabrication of evidence against Worden, Sloven, O'Dell, and Cullen for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). These claims are dismissed without prejudice to Plaintiff's assertion of them, in a separate civil action, after his ongoing proceedings have terminated. The remaining claims against Cullen will remain before the Court.

The Clerk of Court is directed to terminate Defendants Sheriff Falco, Judge Russo, District Attorney Walsh, Finn, Worden, Sloven, and O'Dell from this action.

The Clerk of Court is directed to issue summonses for Rockland County, Allisondrinni, Allen, Leech, Cullen, and Lieutenant Falco, complete the USM-285 form with the address for

these defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is also directed to mail an information package to Plaintiff.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   December 9, 2025
         White Plains, New York

                                              PHILIP M. HALPERN
                                              United States District Judge

**SERVICE ADDRESS FOR EACH DEFENDANT**

1. County of Rockland
   Law Department
   11 New Hempstead Road
   New City, NY 10956

2. Correction Officer Allisondrinni
   Rockland County Jail
   53 New Hempstead Road
   New City, NY 10956

3. Officer William Allen
   Rockland County Sheriff's Office
   55 New Hempstead Road
   New City, NY 10956

4. Sergeant Leech
   Rockland County Sheriff's Office
   55 New Hempstead Road
   New City, NY 10956

5. Officer Andrew Cullen
   Rockland County Sheriff's Office
   55 New Hempstead Road
   New City, NY 10956

6. Lieutenant Louis Falco
   Rockland County Sheriff's Office
   55 New Hempstead Road
   New City, NY 10956